```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT


BRIAN DOMINGUEZ,                    :
        Plaintiff,                  :
                                    :         PRISONER
     v.                             :    CASE NO. 3:11-cv-591 (CFD)
                                    :
STATE OF CONNECTICUT,               :
        Defendant.                  :
```

## **RULING AND ORDER**

The plaintiff was incarcerated at the time he filed this action. He has since been released from custody. The plaintiff asserts a claim against the State of Connecticut for failure to protect him from assault by another inmate.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where

such amplification is needed to render a claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted sub nom., Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

A suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). The enactment of section 1983 did not abrogate the states' Eleventh Amendment immunity and the plaintiff alleges no facts from which the court could infer that the State of Connecticut has waived that immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979). Accordingly, all claims against defendant State of Connecticut are dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(iii).

In the section of the complaint form seeking information about the defendants, the plaintiff lists Correctional Officers Guerreura and Colon, Lieutenant Casella and Warden Walter Ford. Rule 10(a), Fed. R. Civ. P., provides that the caption of the complaint must name all of the parties. Thus, the only defendant in this case is the State of Connecticut. If the plaintiff wishes to pursue claims against Correctional Officers Guerreura and Colon, Lieutenant Casella and Warden Walter Ford, he must file an amended complaint adding these persons to the case caption.

**Orders**

The Court enters the following orders:

(1) All claims against the State of Connecticut are **DISMISSED** pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(iii).

(2) If the plaintiff intends to pursue claims against Correctional Officers Guerreura and Colon, Lieutenant Casella and Warden Walter Ford, he must file an amended complaint adding these persons to the case caption and alleging facts demonstrating how each person was involved with his claim. Failure to file an amended complaint within **thirty (30)** days from the date of this order will result in the dismissal of this case. The Clerk is directed to send the plaintiff an amended complaint form with this order.

**SO ORDERED.**

Dated at Hartford, Connecticut, this 14th of October, 2011.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge